IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Emma Wiggins, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17 C 50142 |
| | ) | |
| vs. | ) | |
| | ) | |
| ServiCom, LLC | ) | Judge Philip G. Reinhard |
| | ) | |
| Defendant. | ) | |

## ORDER

For the reasons stated below, defendant's motion [27] for summary judgment is granted. Judgment is entered in favor of defendant and against plaintiff. Plaintiff's motion for summary judgment [37] is stricken. This case is terminated.

## STATEMENT-OPINION

Plaintiff, Emma Wiggins, pro se, brought this action against defendant, Servicom, LLC, her former employer in the Circuit Court for the 17th Judicial Circuit, Winnebago County, Illinois. Defendant removed to this court based on federal question jurisdiction. 28 U.S.C. § 1331 and moves for summary judgment [27].

After identifying herself and the defendant, plaintiff's complaint, in its entirety, is as follows:
"I was employed 10-5-15 to 3-9-16 as a sales agent:
1. Age discrimination.
2. Religion discrimination.
3. Disability
4. Title VII of Civil Rights Act 1964
5. Retaliation
6. Sex

I filed the complaint with the EEOC in Chicago in March of this year 2016. I filed all necessary paperwork and including request for employment 1) investigation of the accusations by plaintiff which included 2) theft of the financial documents from purse. And 3) work station area. Also 4)supervisor told my property manager I stole something of her's from her desk. 5) I tried applying for 401k several times HR stated they kept putting it through .. Come back unfiled still. 6) Applied for an apt Feb 2016 there was a bad reference given. Received Right to Sue letter from EEOC within 90 days. Plaintiff is suing in the amount of $800,000."

1

Plaintiff has not complied with LR56.1(b). She has not filed a memorandum of law in opposition to summary judgment as required by LR56.1(b)(2). The failure to file this required memorandum is a sufficient basis on its own to grant summary judgment to defendant. Nowak v. Transportation Joint Agreement of Community Consolidated School District No. 47, 255 Fed. Appx. 85, 87 (7th Cir. 2007). Compounding the problem, plaintiff has not filed a response to defendant's LR56.1(a)(3) statement of facts as required by LR56.1(b)(3)(A), nor a statement of additional facts pursuant to LR56.1(b)(3)(B). Thus, she has not offered any facts or offered any legal argument to support any claim, on any theory, against defendant.

The facts in defendant's LR56.1(a)(3) statement are deemed admitted. LR56.1(b)(3)(B). Those facts show eight employees complaining about plaintiff's conduct toward them. This conduct included arguing, picking on others for no reason, accusing other employees of stealing from plaintiff's purse, and outbursts at other employees. Employees reported feeling threatened by plaintiff due to her abusive language and confrontational behavior; feeling unsafe and afraid plaintiff would physically assault someone someday. Plaintiff was terminated because she was insubordinate and exhibited unprofessional and intimidating behavior towards her co-workers and all of this conduct was prohibited by company policy.

"As the 'put up or shut up' moment in a lawsuit, summary judgment requires a non-moving party to respond to the moving party's properly-supported motion by identifying specific, admissible evidence showing that there is a genuine dispute of material fact for trial. Such a dispute exists when there is sufficient evidence favoring the non-moving party to permit a trier of fact to make a finding in the non-moving party's favor as to any issue for which it bears the burden of proof." Grant v. Trustees of Indiana Univ., 870 F.3d 562, 568 (7th Cir. 2017) (quotation marks and citations omitted). Plaintiff has presented no evidence of discrimination based on age, religion, disability, race, or sex nor has she presented any evidence of retaliation. "It is not the duty of the court to scour the record in search of evidence to defeat a motion for summary judgment." Harney v. Speedway SuperAmerica, LLC, 526 F.3d 1099, 1104 (7th Cir. 2008). Plaintiff's failure to comply with LR56.1 leaves her with no basis to overcome defendant's summary judgment motion.

Plaintiff's motion for summary judgment [37] filed March 21, 2018 is stricken.[1]

---

[1] On 12/28/2017, the court struck plaintiff's motion for summary judgment [26] for failure to comply with LR56.1. She was given a deadline of 1/31/2018 to file a new motion for summary judgment. On 2/27/2018, Magistrate Judge Johnston granted plaintiff's motion for an extension of time to file stating he would reset the briefing on plaintiff's motion for summary judgment after a ruling on defendant' summary judgment motion if defendant's motion was denied. Instead of waiting for a ruling on defendant's motion per Magistrate Judge Johnston's order plaintiff filed a new motion. The new filing also fails to comply with LR56.1. The court has reviewed plaintiff's summary judgment filing and concludes it does not alter the court's determination that defendant's motion should be granted.

2

For the foregoing reasons, defendant's motion [27] for summary judgment is granted. Judgment is entered in favor of defendant and against plaintiff. Plaintiff's motion for summary judgment [37] is stricken. This case is terminated.

Date: 3/23/2018                      ENTER:

*Philip G. Reinhard*
United States District Court Judge

Notices mailed by Judicial Staff. (LC)

3